UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

JAMES DALY,

                       Plaintiff,                    **MEMORANDUM ORDER**
                                                                          2:23-cv-09179 (GRB) (JMW)

      -against-

THE INCORPORATED VILLAGE
OF PORT JEFFERSON, *et al.,*

                       Defendants.
---------------------------------------------------------------X

**A P P E A R A N C E S:**

**Raymond Negron**
Raymond Negron, Esq.
234 North Country Road
Mount Sinai, NY 11766
*For Plaintiff*

**Chelsea Ella Weisbord**
Sokoloff Stern LLP
179 Westbury Avenue
Carle Place, NY 11514
*For Defendants*

**WICKS,** Magistrate Judge:

      In this Section 1983 action, Plaintiff asserts a variety of constitutional claims stemming from what plaintiff describes as "baseless charges filed in Justice Court, a frivolous lawsuit in New York Supreme Court, denial of building permits, issuance of stop-work orders without authority, false public accusations of conduct, visitations to Plaintiff's property for the purpose

1

of harassment, badgering, time-wasting, and creative legal fees." Complaint ¶ 5 (ECF No. 1, at 2). Defendants, labelling the complaint as a mere "smorgasbord of claims under the U.S. Constitution and New York law," filed a pre-motion letter in anticipation of their motion to dismiss the entire complaint. (ECF No. 11.) The pre-motion conference was scheduled (Electronic Order entered January 10, 2024) and held before the Hon. Gary R. Brown on February 21, 2024, at which a briefing schedule was set.

Presently before the Court is defendants' motion to stay discovery pending the outcome of the anticipated motion to dismiss. (ECF No. 19.) Plaintiff strenuously opposes the stay, claiming "there is no reason initial disclosure cannot take place as it is nothing more than the collecting of records that are already at Defendants' fingertips" (ECF No. 20). For the reasons that follow, the motion is partially granted, and discovery is hereby stayed pending the outcome of the motion to dismiss, with the exception of the parties making their respective initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

## **LEGAL FRAMEWORK**

Staying litigation seems antithetical to Rule 1's admonition to construe the rules so as to "secure the just, speedy . . . determination of every action". Fed. R. Civ. P. 1. However, often there are times when delaying discovery in fact satisfies Rule 1's other command to secure an "inexpensive determination of every action and proceeding." *Id.* As a result, courts are empowered to stay or suspend proceedings, which "'is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y.C. Dep't of Educ.*, No. 09-CV-5167 (SLT), 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The filing of a

dispositive motion in and of itself does not halt discovery obligations. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Weitzner v. Sciton, Inc.*, No. CV 2005-2533 (SLT) (MDG), 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted).

It is against this backdrop that the Court considers the present application.

## **DISCUSSION**

Defendants, relying on the arguments set forth in its pre-motion to dismiss letter filed at ECF No. 11, contend that a stay is warranted because each of Plaintiff's causes of action should be dismissed on jurisdictional, procedural and/or substantive grounds." (ECF No. 19, at 2) Specifically, Defendant argues that Plaintiff's claims are largely based on the following time-barred challenged conduct:

> (a) allegations from the 1990s regarding a street paving encroachment (¶¶ 141-143); (b) 2004 allegations regarding LIPA tree cutting (¶¶ 144-157); (c) 2005-2007 allegations regarding code violations and resulting village court prosecution (¶¶ 158-190); (d) 2013 allegations regarding Japanese Knotweed on Plaintiff's property (¶¶ 333-342); (e) 2013-2015 allegations regarding 207 Shell Street property (¶¶ 120-138); (f) 2017 allegations regarding flagpole installation and subsequent ZBA denial (¶¶ 305-332); (g) 2017 allegations regarding "No Parking Sign" (¶¶ 191-208); (h) 2017 allegations regarding fence-related property disputes with neighbor (¶¶ 98-119); (i) 2017-2018 allegations of trespassing (¶¶ 344-351); and (j) 2017 allegations regarding Plaintiff's Code violations

3

and the Village's resulting prosecution of those violations in Village Justice Court and commencement of a lawsuit in Suffolk Supreme Court (¶¶ 210-304.)

ECF No. 19, at p. 3.

In sum, according to Plaintiff, he "waited anywhere between 6-25 years to challenge these various claims." *Id*. Defendants' arguments regarding the fatal pitfalls of Plaintiff's claims appear to have merit.[1]

Defendants first argue that Plaintiff's claims are largely time-barred. Specifically, they argue that the claims asserting violations of the Fourth and Fourteenth Amendment under 42 U.S.C. § 1983 are time-barred by the applicable three-year statute of limitations, relying on *Hardy-Graham v. Southampton Just. Ct.*, No. 2020 WL 8872601 (E.D.N.Y. July 29, 2020). Furthermore, the state law claims would also be time-barred by the applicable one-year-and-ninety-day statute of limitations. *See Libbey v. Vill. of Atl. Beach*, 982 F. Supp. 2d 185, 213 (E.D.N.Y. 2013); *see* N.Y. Gen. Mun. L. § 50–i.

Apart from the untimeliness of the bulk of the claims, Defendants argument that as to the state law claims, namely, trespass, negligent infliction of emotional distress and intentional infliction of emotional distress, Plaintiff failed to serve a notice of claim, a jurisdictional pre-condition to commencing an action here. *See Griffin v. Inc. Vill. of Rockville Ctr.*, 2017 WL 11809932, at *1 (E.D.N.Y. July 31, 2017); *see also* N.Y. Gen. Mun. L. § 50–i.

Defendants also advance grounds attacking the pleading based upon Plaintiff's failure to satisfy the requisite elements of each claim, failure to plausibly allege any underlying constitutional violations, and failure to allege facts sufficient to support his *Monell* claims asserted against the Village. (*See* ECF Dkt. No. 11.)

---

[1] To be clear, the Court is not in any way prejudging the anticipated motion to dismiss—which is before Judge Brown—but is merely considering the plausibility of the claims based upon the submitted papers for purposes of weighing whether a stay should be granted.

Discovery in this case on all of the claims as pleaded will likely be protracted and expensive, particularly since the allegations in the Complaint span decades, name multiple defendants from various agencies or boards within the Village and arise out of many different incidents and activities.  These claims are not merely based upon a single incident giving rise to a constitutional claim.  Even if Plaintiff's claims are only partially dismissed, the parties could avoid substantial burden and expense by a stay of discovery until the motion to dismiss has been decided.   At the very least it is not unlikely that much of the complaint could be dismissed on statute of limitations grounds alone.

As to the prejudice to Plaintiff from the issuance of a stay, there appears to be none, as Plaintiff's opposition is silent on that point.  *See* ECF No. 20, *passim*.

In sum, Defendants have made a strong showing that the claims subject to the Rule 12(b)(6) motion may be unmeritorious.  Although unclear at this juncture what the scope or breadth of discovery will be —thus weighing neither in favor nor against the imposition of a stay—the Court concludes that Plaintiff will not be prejudiced by a stay of discovery pending the resolution of the motion to dismiss.  Accordingly, Defendant's motion to stay discovery is granted.

Notwithstanding the issuance of a stay, the Court is directing that initial disclosures be made on or before March 29, 2024. The briefing schedule appears to be lengthy, and even if there is a partially or complete dismissal, the possibility of leave to amend persists on at least some of the arguments advanced for dismissal.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion for a stay of discovery (ECF No. 19) is granted, and discovery is stayed pending the resolution of the motion to dismiss. The stay of discovery will remain in effect until Defendants' motion to dismiss is either denied or is granted with leave to replead. In the latter scenario, Defendant is granted leave to renew his application for a stay following the filing of a second amended complaint if one is permitted. Notwithstanding the issuance of a stay, the parties are directed to make initial disclosures on or before March 29, 2024.

Dated:   Central Islip, New York
        February 21, 2024

**S O   O R D E R E D:**

/s/ *James M. Wicks*
    JAMES M. WICKS
United States Magistrate Judge