**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JAMES DALY,

                           *Plaintiff*,

                                                     **ORDER**

        -against-                                    23-cv-09179 (GRB) (JMW)

THE INCORPORATED VILLAGE OF PORT JEFFERSON,
BRETT BAILEY, TONY BERTOLOTTI, MARGOT
GARANT, KEVIN KOUBEK, ANDREW SMITH,
EDWARD HYSHIVER, and LORNE TAISCHMAN,

                           *Defendants*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**A P P E A R A N C E S :**

        Raymond Negron, Esq.
        **Law Office of Raymond Negron**
        234 North Country Road
        Mount Sinai, New York 11766
        *Attorney for Plaintiff*

        Chelsea Weisbord, Esq.
        Connor Mulry, Esq.
        **Sokoloff Stern LLP**
        179 Westbury Avenue
        Carle Place, New York, 11514
        *Attorneys for Defendants the Incorporated Village of Port Jefferson,*
        *Brett Bailey, Tony Bertolotti, and Margot Garant*

        Douglass Shearer, Esq.
        **Shealer P.C.**
        90 Forest Avenue
        Locust Valley, New York, 11560

            -and-

Richard J. Kaufman, Esq.
**Richard J. Kaufman**
646 Main Street
Port Jefferson, NY 11777
*Attorneys for Defendant Edward Hyshiver*

Elizabeth Katumbi Kimund, Esq.
**Haworth Barber & Gerstman, LLC**
777 Third Avenue
Suite 2104
10017, Ste Apt. 2F
New York, NY 11218

    -and-

**Constantinos James Tsanatelis, Esq.**
777 Third Ave
Suite 2104
New York, NY 10017
*Attorneys for Defendant Lorne Taischman*

**WICKS**, Magistrate Judge:

Plaintiff James Daly ("Plaintiff") commenced this suit against the Incorporated Village of Port Jefferson ("Port Jefferson" or the "Village"), Brett Bailey, Tony Bertolotti, Margot Garant, Kevin Koubek, Andrew Smith, Edward Hyshiver, and Lorne Taichman (collectively, "Defendants") alleging malicious prosecution relating to criminal charges brought against him by the Village back in 2017. Now before the Court is Plaintiff's motion to compel Defendants to produce a correspondence between Defendant Taichman and John L. Bourquin IV, an attorney for the Village, regarding efforts to find witnesses on Plaintiff's clearing and land grading activities between 2017 and 2018 (ECF No. 58), which is opposed by Defendants. (ECF No. 59.) For the reasons set forth below, Plaintiff's Motion to Compel is **GRANTED**.

## BACKGROUND

All allegations are drawn from the Amended Complaint (ECF No. 26) and taken as true for evaluating the instant motions. Plaintiff has been a resident of Port Jefferson, New York since 1996. (ECF No. 26 at ¶ 2.) Plaintiff claims that from that time onward, he had disputes with his neighbors, Defendants Taichman and Hyshiver, over Plaintiff's use of his land. (*Id*.) Specifically, disputes arose over certain trees on Plaintiff's property in 2004 and residents of Defendant Hyshiver's Home parking in Plaintiff's driveway in 1998. (*Id.* at ¶¶ 55, 84.) Plaintiff asserts that Taichman and Hyshiver conspired with the then-mayor of Port Jefferson, Defendant Margot Garant, and various village employees – Defendants Brett Bailey, Tony Bertolotti, Kevin Koubek, and Andrew Smith – to "harass Plaintiff, cause Plaintiff financial and economic harm, adversely affect Plaintiff's reputation, and defame Plaintiff all under the Color of State Law." (*Id.* at. ¶¶ 4-5.) This alleged campaign took the form of "baseless charges filed in [the Village] Justice Court (hereafter, the "Criminal Case"), a frivolous lawsuit in New York Supreme Court (hereafter, the "Civil Case"), denial of building permits, issuance of stop-work orders without authority, false public accusations of conduct, visitations to Plaintiff's property for the purpose of harassment, badgering, time-wasting, and creating frivolous legal fees." (*Id*.)

The Plaintiff commenced this lawsuit in 2023, asserting twelve causes of action under 42 U.S.C. § 1983 against the Village Defendants and Defendants Taichman and Hyshiver. However, the majority of events alleged in Plaintiff's amended complaint occurred between 1998 and 2019, with only two exceptions.  Those exceptions were a criminal prosecution against the Plaintiff for land use violations during a renovation project, which was dismissed in 2022, (*Id*. at ¶¶ 265-72, 291-92) and a civil action by Port Jefferson seeking to enjoin Plaintiff from altering trees located on his property during the renovation, which was withdrawn by stipulation

in 2023. (*Id.* at ¶¶ 214-15, 258.)  A pre-motion conference for a Rule 12 motion was held on

February 21, 2024 (ECF No. 24), and the Plaintiff was given leave to amend his complaint, (ECF

No. 26), and the Defendants filed motions to dismiss. (ECF No. 32; 39; 45.)

The Honorable Gary R. Brown had heard the Defendant's motions to dismiss, issuing a

Memorandum and Order on June 27, 2024.  (ECF No. 46.)  Upon hearing this matter, Judge

Brown granted the motion to dismiss in part and preserved one claim of the twelve Plaintiff

brought to the court. (*Id.*)  The first ten claims Plaintiff presented were deemed not timely,

falling outside the Second Circuit's guidelines on the statute of limitations for § 1983 claims.[1]

(*Id.* at 3.) Of the remaining two charges, both of which occurred within the statute of limitations,

the charge alleging malicious prosecution in the civil lawsuit was dismissed, as the Second

Circuit has held that claims of malicious prosecution may only be based on criminal proceedings.

(*Id.* at 5) (quoting *Manganiello v. City of New York*, 612 F.3d 149, 160 (2d Cir. 2010)).  While

the claim of malicious prosecution regarding the Civil Case was dismissed, Plaintiff's claim of

malicious prosecution in connection with the Criminal Case was preserved. (ECF No. 46 at 5-6.)

Judge Brown determined that the Plaintiff sufficiently alleged a malicious prosecution

claim against the Village and Defendants Garant, Smith, and Bailey.  (*Id.* at 6.)  The Court

determined that Plaintiff plausibly asserted the following: (i) the criminal proceeding was

initiated against him; (ii) the proceeding was terminated when the trial was dismissed "due to the

Village's 'inability to go to trial after years of adjournments to prepare[,]'" (*Id.*) (quoting ECF

No. 36 at 13), which qualified as a termination favorable to the Plaintiff; (iii) there was no

probable cause to initiate proceedings because Plaintiff argued that he complied with all grading

---

[1] Section 1983 actions filed in New York are therefore subject to a three-year statute of limitations. *See*
*Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002); *see also* N.Y. C.P.L.R. § 214.

and land use laws; and (iv) the Defendants plausibly acted with actual malice because Plaintiff

asserted that the purpose of the Criminal Case was to gain more leverage in the Village's Civil

Case. (*Id.* at 6-7.)

As stated, Plaintiff's claim for malicious prosecution was also brought against two

private individuals: Hyshiver and Taichman. (*Id.* at 7.)   For these two Defendants, the Court

held that Plaintiff successfully alleged malicious prosecution claims against them since he

claimed the charges were brought against him after Hyshiver and Taichman requested Garant to

impose them. (*Id.*)  This assertion was supported by allegations of a personal relationship these

two Defendants maintained with Mayor Garant over many years and previous occasions when

Mayor Garant allegedly performed their improper request. (*Id.* at 8.)  The Court deemed that

these events could be plausible as a matter of law. (*Id.*) The Court additionally found Plaintiff

met the elements required to plead an abuse of process claim because: (i) there were numerous

items of legal process used in connection with the Village Justice Court prosecution; (ii) he

sufficiently alleged the prosecution was initiated without probable cause, and (iii) he alleged that

the purpose of the suit was to place pressure on the civil case, which qualifies as an improper

collateral objective. (*Id.* at 8-9.) As with the malicious prosecution claim, the Court found

Plaintiff did not allege the involvement of Defendants Koubek and Bertolotti but did adequately

allege Defendants Hyshiver and Taichmanon's involvement. (*Id.* at 9.)

Following Judge Brown's ruling, the scope of discovery for this matter was prioritized to

the following three concerns: (i) "what involvement [D]efendants Hyshiver and Taichman had in

initiating or continuing [P]laintiff's criminal prosecution[;]" (ii) "the presence or absence of

probable cause in that prosecution[;]" and (iii) "whether the proceedings terminated in

[P]laintiff's favor." (*Id.*) Plaintiff subsequently filed the instant Motion to Compel seeking a

document Defendant Taichman listed in his initial Rule 26 Initial Disclosure. (ECF No. 58-1.) The document, entitled "3/7/2023 correspondence from John L. Bourquin IV to Lorne Taichman re: attorney trying to find witnesses to Daly's clearing and grading activities in 2017 and 2018 for upcoming trial" (hereafter, the "Witness Request Document") was not produced, and was subsequently removed from Taichman's Amended Initial Disclosures. (*See* ECF. No 58-3.)

## THE PARTIES' CONTENTIONS

Plaintiff contends the Witness Request Document is relevant to his remaining cause of action for malicious prosecution because it supports his assertion that the prosecution by the Village against him was made without evidence to substantiate the charges. (ECF No. 58.) Specifically, Plaintiff argues that the Witness Request Document, which is correspondence from a Port Jefferson Attorney to Defendant Taichman to solicit a list of potential witnesses after charges were filed, is "paramount evidence" in proving his claim.  (*Id.*) Plaintiff maintains the Witness Request Document falls within the purview of the scope of discovery set by Judge Brown as it relates to the potential involvement Taichman had in the prosecution. (*Id.*)

In opposition, Defendants argue the Witness Request Document cannot be produced because it is wholly unrelated to Plaintiff's the sole surviving claim for malicious prosecution arising out of the Criminal Case. (ECF No. 59.)  Specifically, Defendants maintain the Witness Request Document is only relevant to Plaintiff's claim for malicious prosecution arising out of Defendants' civil claim against in the New York State Suffolk County Supreme Court, which was previously dismissed by Judge Brown. (*Id.*) Notably, the Defendants do not assert Plaintiff's documents request lacks proportionality or that production of the document would be prejudicial to Defendants. In Reply, Plaintiff contends Defendants opposition failed to show how the Witness Request Document is unrelated to Plaintiff's remaining cause of action.  (ECF No. 60.)

## THE LEGAL FRAMEWORK

Pursuant to Federal Rule of Civil Procedure 26:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401).  Moreover, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92-CV-8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also Mandell v. The Maxon Co., Inc.*, No. 06-CV-460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance."). Proportionality is the cornerstone of  discovery today.  That is, the discovery sought by the parties must be, as stated by Rule 26, proportional to the needs of the case, taking into consideration such aspects as the importance of the issues, the amount in controversy, the parties' resources and access to the information sought, and the importance of the information sought to the asserted claims or defenses.  *Sibley v. Choice Hotels Int'l*, No. 14-CV-634 (JS) (AYS), 2015 WL 9413101, at *2–3 (E.D.N.Y. Dec. 22, 2015).

 "Rule 26 has defined the scope of discovery to consist of information that is relevant to the parties' 'claims and defenses.'"  *Pothen v. Stony Brook Univ.*, No. 13-CV-6170 (JFB) (AYS),

2017 WL 1025856, at *2 (E.D.N.Y. Mar. 15, 2017).  "Thus, the discretionary authority to allow discovery of 'any matter relevant to the subject matter involved in the action' has been eliminated" by the Rules amendments in 2015 and permissible discovery under Rule 26 must be relevant "to any party's claim or defense," and that means "proportional to the needs of the case." *Id.* at *3 (citing Fed. R. Civ. P. 26(b)(1)).  "Relevance under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *BD Dev., LLC v. Local 79, Laborers Int'l Union of N. Am.*, No. 14-CV-4876 (JS)(AKT), 2016 U.S. Dist. LEXIS 5434, at *2 (E.D.N.Y. Jan. 15, 2016)  (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Proportionality goes "hand-in-hand" with relevance.  *New Falls Corp. v. Soni*, No. 16-CV-6805 (ADS) (AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020).  That is, the more relevant the sought information is, the less likely the Court would find the subject discovery disproportionate.  *Id.*

"Motions to compel are left to the court's sound discretion."  *Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016); *see also Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court.").

It is with these principles that the Court considers the present motion.

Relevant here, a plaintiff's claim for malicious prosecution under § 1983 is successfully pled when "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010).  In a malicious prosecution claim,

8

probable cause "'has . . . been described as such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty.'" *Kee v. City of New York*, 12 F.4th 150, 166 (2d Cir. 2021) (quoting *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003)). The term "actual malice" is defined as "'a wrong or improper motive, something other than a desire to see the ends of justice served[.]'" *Fulton v. Robinson*, 289 F.3d 188 (2d Cir. 2002) (quoting *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 573 (2d Cir. 1996)).

Plaintiff is seeking the production of the Witness Request Document, which is an email sent on March 7, 2023, from a Port Jefferson attorney to Defendant Taichman. (ECF No. 57.) The apparent subject of this email is to find witnesses to the Plaintiff's property clearing and grading activities in 2017 and 2018 in preparation for an upcoming trial.  (*Id.*) While Judge Brown has "*prioritized*" discovery related to: (i) "what involvement [D]efendants Hyshiver and Taichman had in initiating or continuing [P]laintiff's criminal prosecution," (ii) "the presence or absence of probable cause in that prosecution," and (iii) "whether the proceedings terminated in [P]laintiff's favor[,]" notably, the Court in no way *limited* discovery solely to those three considerations. (ECF No. 46 at 9) (emphasis added).

The Witness Request Document is directly relevant to Plaintiff's remaining claim for malicious prosecution and abuse of process claims against Defendants Hyshiver, Taichman, and the Village Defendants arising out of the 2017 Village Justice Court prosecution because it has the tendency to make the asserted fact that Port Jefferson had no evidence to support their Criminal Case against Plaintiff more probable than it would be without this evidence, and that fact would be of consequence to determining this case. *See* ECF No. 58 (arguing the Witness Request Document – dated after Plaintiff's Criminal Case was dismissed – shows Defendant Port Jefferson "had no evidence to substantiate charges in the first place.") Specifically, Defendant

Taichman received Witness Request Document from a Port Jefferson Attorney on March 7, 2023, indicating the Village asked for a witness list months after the criminal proceeding was concluded, which would tend to show that the Village did not have evidence when Plaintiff was charged, which would be relevant to demonstrate a lack of probable cause. *See e.g.*, *Drummond v. Castro*, 522 F. Supp. 2d 667, 673 (S.D.N.Y. 2007) ("Courts have repeatedly found that there is a presumption of probable cause to arrest [and subsequently prosecute] when police are acting on the testimony of a putative victim or eyewitness.") Accordingly, because the Witness Request Document is otherwise proportional to the needs of the case and its production does not prejudice Defendants, the Court finds production of the document is warranted.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's Motion to Compel production of the Witness Request Document (ECF No. 58) is **GRANTED**. Defendants are directed to produce the Witness Request Document to Plaintiff on or before October 18, 2024.

Dated:    Central Islip, New York
          October 11, 2024

**S O  O R D E R E D:**

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge